ORIGINAL

# In the United States Court of Federal Claims

No. 14-128 C
(Filed August 15, 2014)

**UNPUBLISHED**

FILED

AUG 15 2014

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * *   *
DIANNE L. BUTTS,            *
                            *
          Pro Se Plaintiff, *
                            *   Employment-Related Claims
     v.                     *   against County School Board; 28
                            *   U.S.C. § 1631 (2012); Transfer
THE UNITED STATES,          *   to a United States District Court.
                            *
          Defendant.        *
                            *
* * * * * * * * * * * * *   *
```

*Dianne L. Butts*, Dumfries, VA, *pro se*.

*Russell J. Upton*, United States Department of Justice, Washington, DC, for defendant, with whom were *Stuart F. Delery*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Kirk T. Manhardt*, Assistant Director, Washington, DC, for defendant.

## OPINION AND ORDER

**BUSH**, *Senior Judge*.

The court has before it plaintiff's amended *pro se* complaint, defendant's motion to dismiss the complaint brought under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), and plaintiff's cross-motion for transfer of her suit. Because the court lacks jurisdiction over plaintiff's

employment-related claims, defendant's motion to dismiss is denied and plaintiff's cross-motion to transfer is granted. For the reasons set forth below, transfer to the United States District Court for the Eastern District of Virginia is appropriate.

## DISCUSSION

### I. Standard of Review

The court acknowledges that Ms. Butts is proceeding *pro se*, and is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and Ms. Butts' opposition brief thoroughly and has attempted to discern all of plaintiff's legal arguments.

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

### II. Amended Complaint

Although the caption of the *pro se* amended complaint contains no mention of Ms. Butts' former employer, it is clear that she intends the Prince William County (Virginia) Public Schools to be a co-defendant in this suit. Am. Compl. ¶ 13. It is against this co-defendant (PWCS) that all of plaintiff's various employment-related claims are lodged: (1) Employment/Race Discrimination;

(2) Wrongful Willful Termination; (3) Full Reinstatement of Benefits; (4) Lack of Proper Training; and, (5) Disability Discrimination. *Id.* at 4, 10, 63, 71, 78; *see also* Pl.'s Resp. at 6 (describing her suit as being "against her employer" – the PWCS). The complaint describes a number of actions taken by PWCS which give rise to plaintiff's claims, notably including her termination from her teaching position in 2011. *Id.* ¶ 82. Plaintiff asserts that jurisdiction in this court lies for her claims pursuant to "USERRA 38 U.S.C. 4323(b), Title I American Disabilities Act ("ADA") 1999; & Title VII Civil Rights Act of 1964."[1] *Id.* ¶ 12.

### III. Defendant's Motion to Dismiss

The government persuasively argues that this court lacks jurisdiction over plaintiff's USERRA claims brought against the PWCS. *See* Def.'s Mot. at 8 (noting that Ms. Butts' USERRA claim "is not based on *federal* employment"); Def.'s Reply at 4 (noting that a USERRA claim brought by a private individual against a state entity "is to be brought in a State court"). Defendant also notes that even if plaintiff's complaint could be read as attempting to sue the United States in this court for her employment-related claims, limits on this court's jurisdictional reach foreclose the court's consideration of such claims. *See* Def.'s Mot. at 6 (citing persuasive authority for the proposition that "this Court does not possess jurisdiction to consider Ms. Butts' claims brought pursuant to Title VII of the Civil Rights Act or the ADA"). Ms. Butts cannot refute the fact that her claims, whether they are lodged against PWCS or the United States, have been filed in the wrong court.[2]

Ms. Butts argues that the information provided to her regarding the proper court was confusing, and that it is unfair to penalize her because she chose the wrong court in which to file her suit. Pl.'s Resp. at 7-8. The court is aware of the difficulties faced by *pro se* litigants but is bound by the limits on this court's jurisdiction. The PWCS cannot be sued in this court because the only proper

---

[1] Plaintiff relies upon the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. § 4323(b) (2012), the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12117 (2012); and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e–17 (2012).

[2] The court expresses no opinion as to whether Ms. Butts' claims could survive motions to dismiss in any federal or state court.

defendant in this court is the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (citations omitted). Simply put, because all of Ms. Butts' claims arise from her employment with the PWCS, her complaint contains no claims over which this court has jurisdiction.

## IV.   Plaintiff's Cross-Motion to Transfer Her Suit

Plaintiff asks that this court transfer her claims "if the court decides it is best not to proceed to trial." Pl.'s Resp. at 2. The government opposes the motion to transfer, arguing that Ms. Butts' claims would not survive a motion to dismiss brought in a United States District Court. Def.'s Reply at 4. The more pertinent question, in the court's view, is whether any of Ms. Butts' claims are within the jurisdiction of a district court.

Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631 (2012), which states in relevant part that

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

*Id.* "Transfer is appropriate when three elements are met: (1) The transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." *Brown v. United States*, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631). The first condition of the transfer statute has been met, because this court lacks jurisdiction over plaintiff's employment-related claims.

The court believes that jurisdiction over claims such as Ms Butts' Title VII cause of action lies in a district court. *See* 42 U.S.C. § 2000e-5(f)(3); *Hetzel v.*

*Prince William County*, 523 U.S. 208, 208-09 (1998) (discussing the prosecution of a Title VII claim brought in a district court). The ADA claim is on less-sure footing, but might be within a district court's jurisdiction. *Compare Ainsworth v. Loudon County School Bd.*, 851 F. Supp. 2d 963, 978 & n.7 (E.D. Va. 2012) (considering an ADA claim brought by a former employee against the Loudon County (Virginia) School Board), *with McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) (noting that state entities have sovereign immunity against ADA Title I claims). In any case, because at least one of Ms. Butts' claims could, it appears, have been brought in the United States District Court for the Eastern District of Virginia at the time it was filed here, the second condition of the transfer statute has been met.[3]

As to the interest of justice, timeliness may be an issue for some of Ms. Butts' claims. *See* Def.'s Reply at 3 n.3. One compelling reason for transfer is when a statute of limitations would possibly bar a newly filed claim, that would otherwise, if transferred pursuant to section 1631, be considered to have been timely filed as of the date of its original filing in this court. *Texas Peanut Farmers v. United States*, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (citation omitted). For this reason, the court believes that it is in the interest of justice to transfer plaintiff's Title VII claim to a district court. Thus, all of the conditions of the transfer statute have been met in this instance.[4]

## CONCLUSION

Accordingly, it is hereby **ORDERED** that

---

[3] Despite the possibility that a district court may ultimately determine that it lacks jurisdiction over plaintiff's Title VII claim, or may rule that plaintiff's complaint fails to state any claim upon which relief may be granted, this court's role in the examination of the second condition of the transfer statute is to merely discern whether a district court might have jurisdiction over plaintiff's claims.

[4] The complaint may include other claims cognizable in the district court, in addition to plaintiff's Title VII claim. Because plaintiff's *pro se* complaint may contain more than one claim within the district court's jurisdiction, the court will transfer plaintiff's entire suit, not just her Title VII claim. *See Edelmann v. United States*, 76 Fed. Cl. 376, 384 (2007) (transferring all of the *pro se* plaintiffs' claims in that case, even those that did not risk dismissal as untimely if newly filed in the district court).

(1) Defendant's Motion to Dismiss, filed April 10, 2014, is **DENIED** as moot;

(2) Plaintiff's Cross-Motion to Transfer, filed May 6, 2014, is **GRANTED**;

(3) The Clerk's office is directed, pursuant to 28 U.S.C. § 1631, to **TRANSFER** this suit to the United States District Court for the Eastern District of Virginia; and,

(4) No costs.

*Lynn J. Bush*
LYNN J. BUSH
Senior Judge